706 S.E.2d 21

**In the Matter of Scott Matthew WILD, Respondent.**

**No. 26921.**

Supreme Court of South Carolina.

Submitted Jan. 6, 2011.

Filed Feb. 7, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension from the practice of law not to exceed ninety (90) days. Respondent requests that any suspension be made retroactive to the date of his interim suspension, October 29, 2010. *In the Matter of Wild,* 390 S.C. 275, 701 S.E.2d 742 (2010). We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period. The suspension shall not be imposed retroactively to the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

On March 22, 2009, respondent self-reported his arrest for Aggravated Battery to ODC. The arrest occurred as a result of a bar fight between respondent and three other individuals on March 15, 2009, in Savannah, Georgia, during which one of the other individuals was struck in the head and/or face with a beer bottle. Respondent represented that alcohol was involved in the incident and independently sought treatment for alcohol abuse and anger management.

On October 26, 2010, respondent entered into a negotiated plea for Aggravated Battery and received a five (5) year probationary sentence with special conditions, including payment of restitution and community service. The sentencing order contains a provision that respondent will be considered eligible for termination of probation upon the completion of any period of suspension of his law license in South Carolina. Respondent has entered into a restitution agreement and has fully complied with the agreement by paying $40,000 in restitution. Respondent has been forthright and fully cooperative with ODC.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (lawyer shall not commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as lawyer in other respects) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits his misconduct constitutes grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(4) (it shall be ground for misconduct for lawyer to be convicted of crime of moral turpitude or serious crime), and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period. Within thirty days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.